LAND, J.
This case comes before us without notes of evidence or statement of facts, but both parties seem willing that the case should be decided on the case as presented in the opinion of the trial judge.
Briefly stated, this is a suit to enjoin the defendants from cutting and opening a certain dam erected by the plaintiff 35 years ago, and which ever since has served the purpose of dividing the drainage waters flowing through the lands of the plaintiff and of Gaston De Bautte, each of whom maintained a drainage canal through his premises. This dam closed a ditch or ditches parallel to the public road.
The judge states that the plaintiff’s canal drains very little of the public road, but it must be taken into consideration that said canal drains all the batture lying in front of all the small tracts consisting of 21 arpents of cultivated lands, and this is, no doubt, why no additional water was allowed to flow in that canal and the dam was built. The judge refers to evidence adduced as showing that the public road could be drained perfectly dry by constructing a ditch across the highway at De Bautte, where a ditch used to be.
Under the facts of the case, the trial judge was of opinion that the defendants should be enjoined from exercising a legal right vested in them “under ordinary circumstances.”
[3] We find in the record no plea of prescription of 10 and 30 years, as stated in plaintiff’s brief. If prescription had been pleaded, it would not have prevailed, as no one can -acquire by prescription a right against the public to levees, streets, and highways. Ice Co. v. City of New Orleans, 43 La. Ann. 217, 9 South. 21.
Police juries have plenary authority over public roads, bridges, and ditches. Rev. Stat. 1870, § 2750. By Act No. 119 of 1902 it was made the duty of all police juries to thoroughly drain all public roads which are parallel or contiguous to any public levee, and to cut across said public road ditches and drains at such points as may be necessary to effect the perfect drainage of such road or levee, and to connect the same with the ditches on private property abutting on such road. Section 2 of said act makes it a misdemeanor for any proprietor, owner, lessee, or possessor of lands abutting on any public road, in any manner, to close such drains or ditches, whether on private property or on such public road or levee adjacent thereto.
This suit would be meaningless unless we assume that the dam in question closes the ditch, or ditches, on the side of the public road. The judge found that such was a fact, but seems to have decided the case in favor of the plaintiff, on the theory that, as the public road could be drained by a cross-ditch, there was no necessity for the removal of the dam to the injury of plaintiff and other property owners.
[1] The fact that the dam across the ditch or ditches on the side of the public road was tolerated for so many years is without legal *69 significance. Since the passage of Act No. 119 of 1902, p. 194, the obstruction of said ditch or ditches has been a continuing offense against the state of Louisiana. The same statute vested plenary jurisdiction in the police jury of the parish of St. John over the subject-matter of the drainage of public roads and levees.
[2] It goes without saying that no court has the right to enjoin a police jury or its agents from removing obstructions in public roads and ditches.
It is therefore ordered that the judgment below be reversed; and it is now ordered that plaintiff’s injunction be dissolved, and his suit be dismissed at his cost in both courts.