No. ——

First Circuit

---

PRUDEN v. POLICE JURY OF ST. TAMMANY

(June 26, 1926.  Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1.  Louisiana Digest—Parishes—Par. 24.

Under the Revised Statutes, Section 3354, et seq., police juries have plenary powers over the establishment, conduct and abandonment of public roads and their discretion in this regard will not be interfered with by the courts.

Appeal from the Parish of St. Tammany. Hon. Prentiss B. Carter, Judge.

Action by H. B. Pruden, et al., against Police Jury of St. Tammany, et al.

There was judgment for defendants and plaintiffs appealed.

Judgment affirmed.

Miller & Miller, of Bogalusa, attorneys for plaintiffs, appellants.

Ellis & Ellis, of Bogalusa, attorneys for defendants, appellees.

LECHE, J. Harvey E. Ellis, one of the defendants, owns lands situated northwest of the town of Covington, in St. Tammany parish, on the north side of the Hammond and Covington State Highway, which runs directly east and west and connects the towns of Hammond and Covington. To the north of and adjoining Ellis' land, the two plaintiffs, H. B. Pruden and P. J. Laborde, also each own certain tracts of land. A road running out of the town of Covington and called the Penn Mill road, at one time extending across the Hammond and Covington State Highway, through the lands of Ellis, in a northwesterly direction, and claimed by the plaintiffs to have been a public road, forms the subject of the controversy in this suit. Some of the witnesses call this road the Pruden road, others say that the Penn Mill road and the Pruden road are two different roads, and that the latter is merely a branch or fork of the Penn Mill road. It is of little importance, however, what the real name of the road or roads may be, as the issue in this suit is whether the same is a public road to the use of which the two plaintiffs and the public in general have a vested right.

Plaintiffs charge in substance that the Penn Mill road has been recognized by the Police Jury of St. Tammany Parish as a public road and used as such by the public for over thirty years. That on January 28, 1920, the Police Jury of St. Tammany sold the land over which said road extends to Harvey E. Ellis and relinquished all right, title and interest of the parish and of the public in favor of said Ellis, with the right to fence in the same and convert it to the private ownership of said Ellis. That subsequently said police jury by resolution abandoned the said Penn Mill road as a public road and relinquished all rights and interest therein. That said road was never abandoned, has been in continuous use by plaintiffs and others, and is the only road which serves that section of the parish. They further charge that the acts of the police jury were without right or authority and ultra vires and they obtained a preliminary injunction against the said Ellis and the police jury from carrying out the agreement thus entered into.

Of course, defendant Harvey E. Ellis does not claim title to the right-of-way or to the land over which the Penn Mill road extends by sale from the Police Jury of St. Tammany. He sets forth in his answer his title from other sources to the land over which this road extends.

It is conceded by defendants that there was such a road as the Penn Mill road, but it is denied that said road was a public road. They further show that on the 28th day of January, 1920, defendant Ellis conveyed to the Police Jury of St. Tammany a right-of-way across his land for the construction of the Hammond and Covington Highway, that said highway is almost parallel with what was called the Penn Mill road, and that in consideration of this grant of right-of-way, the police jury consented to abandon and relinquish in his favor whatever interest or right of way it had in the Penn Mill road.

It is very questionable whether the road

in question ever was a public road. There is no evidence to show that it was ever dedicated as such by the owners of the soil, or that it was ever expropriated by the police jury for such a purpose. Nor is it shown that it was ever acquired by the police jury by the prescription of three years provided by Act 220, p. 417, of 1914. It is not shown that it was kept up, maintained or worked by the police jury for a period of three years. It was worked on one or two occasions by Marvin Poole, a member of the police jury from the ward in which the road is situated, but no written authority is shown on the part of the police jury for such work. According to the testimony of Pete Berelli, a witness for plaintiff, the road was mostly used by plaintiff Laborde, and by Josh Gaines for hauling wood and logs. No one lives on the lands of the plaintiffs; there is little occasion for anyone else to use the road which most of the time has been impassable. That it was used by three plaintiffs for such purposes as hauling is not at all inconsistent with the theory that this was permitted through sufferance of the owners of the soil on which the road was situated. At all events, even if the Penn Mill road, such as it is called, ever was a public road, there is no doubt that the Police Jury of St. Tammany Parish had the right to abandon the servitude of right of way over it. Such servitude, while owned by the public, is under the exclusive control and administration of the police jury. R. S., Secs. 3354, et seq. Police juries have plenary powers over the establishment, conduct and abandonment of public roads and their discretion in this regard will not be interfered with by the courts. Plank Road Co. vs. Kline, 106 La. 325, 30 South. 854; Reynaud vs. Police Jury, 138 La. 68, 70 South. 39.

The trial judge rendered judgment in favor of defendants and, believing that his finding is eminently correct, his judgment should be affirmed, and it is so ordered.