GRUNTZ v. FRANK JORDANO, INC.

(December 16, 1929.   Opinion and Decree.)

Fred Middleton, of New Orleans, attorney for plaintiff, appellee.

Gerald Netter and R. A. Dowling, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J.   Plaintiff entered suit against defendant, a real estate broker, to recover an alleged deposit of $300 in connection with a real estate transaction. Defendant denied liability and claimed the $300 as commission earned under the alleged contract.   There was judgment in favor of plaintiff, and defendant has appealed.

The record shows that on August 18, 1928, plaintiff and defendant entered into a written contract whereby plaintiff agreed to purchase a certain piece of real estate in the parish of Jefferson for the sum of $3,000, said contract containing the following stipulation:

"This offer subject to and predicated upon an offer of Alphonse Gruntz being accepted."

This clause in the contract referred to another contract between Alphonse Gruntz and Cristina & Lauricella, Inc., whereby Alphonse Gruntz agreed to exchange three acres of land with the buildings and improvements thereon for $10,000 cash and a parcel of land consisting of 146 acres in the "Modern Farm subdivision." The contract between Cristina & Lauricella, Inc., and Alphonse Gruntz contained the following clause:

"Subject to homestead loan of $15,000."

The contract between Alphonse Gruntz

and Cristina & Lauricella, Inc., was never carried out, although Alphonse Gruntz was at all times ready and willing to perform his part of the contract. The evidence shows that defendant acted as real estate agent and broker, in handling both of these contracts. The contract between plaintiff and defendant contained the further stipulation that the contract would remain in force and effect for a period of 45 days. Notwithstanding more than 45 days had elapsed, neither of the contracts was carried out, and thereupon plaintiff asked for the return of his deposit of $300, which defendant refused to return to him, on the ground that he had earned the $300 as a commission.

This court has repeatedly held that a contract for the sale of real estate, containing a provision "subject to a homestead loan," is unenforceable, because such a stipulation is a potestative condition. Titus vs. Cunningham et al., 7 La. App. 37; Parks vs. Cilluffa, 7 La. App. 749; Mathews Bros. vs. Schoenberger, 11 La. App. 155, 123 So. 133. Therefore the defendant failed to secure a valid and enforceable contract in behalf of Alphonse Gruntz, and, as the plaintiff's contract contained the express condition that it was predicated upon the Alphonse Gruntz agreement being legally accepted, the agreement between plaintiff and defendant necessarily fell. The plaintiff is therefore entitled to recover the deposit of $300 from the defendant.

The judgment is affirmed.