**BANK OF VIVIAN v. SMITH et al.**

No. 6173.

Court of Appeal of Louisiana.
Second Circuit.

July 5, 1940.

Hussey & Smith, of Shreveport, for appellants.

Tucker & Mason, Lester Wilson, M. A. Maroun, and C. B. Prothro, all of Shreveport, for appellees.

HAMITER, Judge.

In the early part of the month of February, 1939, James W. Smith and Edwin B. Duncan carried on negotiations for the purchase of an oil and gas lease from Mrs. Alvie Lawrence, widow of Tim Lawrence, and her children, covering a ten-acre tract located in Caddo Parish, Louisiana, and described as the southeast quarter (SE¼) of the northeast quarter (NE¼) of the northeast quarter (NE¼) of Section 27, Township 22 North, Range 16 West.

On the seventh day of that month the lease was executed, and it and the agreed consideration of $850, in the form of a cashier's check, were placed in the Bank of Vivian, at Vivian, Louisiana, under an escrow agreement of such date, the conditions of which read as follows: "Party of the first part (lessors) shall furnish and

deliver abstract of title to the land described in said oil and gas lease, or (and) assignment, within 15 days from date hereof, showing good and merchantable title to said lease to be vested in the party of first part; and party of second part (lessees) shall have said abstract examined and title to said lease passed upon by a competent attorney within 10 days from date said abstract is so delivered to the party of the second part. If said title is good and merchantable, then said bank shall pay said sum to party of first part, and shall deliver said lease, or (and) assignment thereof to party of second part immediately. The opinion of said attorney shall be in writing, and if he shall hold that said title is defective, then all defects shall be clearly indicated and set forth by him in writing. If said title is defective, then party of first part shall have 15 days from the date said attorney's opinion is delivered to him within which to cure said defects, and if he should fail to cure said defects then said lease or (and) assignment thereof shall be delivered by said bank to party of the first part and said sum of money shall be delivered and paid over by said bank to party of the second part immediately."

The attorney for the lessees, after an examination of a furnished abstract, rendered a written opinion on March 4, 1939, criticizing the title in numerous particulars; and under date of March 8, 1939, he set forth in writing various requirements for remedying the defects pointed out.

Subsequently, the lessors provided the attorney with several instruments, curative in nature; but these, in his opinion, were not sufficient to render the title merchantable. Thereupon the lessees requested of the Bank of Vivian a return of the escrowed consideration.

The escrow agent thereafter, in connection with and under this impleader proceeding, deposited the lease and cashier's check in the registry of the district court and cited the lessors and lessees to assert their respective conflicting claims thereto and have them adjudicated upon.

The lessors, in their answer to the petition, aver that all title requirements and objections of the attorney for the lessees have been met and that their title to the above described property is valid and merchantable. They pray for judgment against the lessees in the amount of $850, and that the Clerk of the District Court be directed to pay to them the deposited sum.

Also answering were the lessees, who claim the return of the cashier's check on the alleged grounds that, (1) the defects pointed out were not cured, and (2) that the escrow contract contains a potestative condition and is null and void.

There was a regular trial of the merits of the controversy, which concerns only the lessors and lessees, and the district judge rendered judgment ordering the funds paid to the lessees, Smith and Duncan, and the lease delivered to the lessors, Mrs. Alvie Lawrence and her children. It was his holding, as a written opinion in the record discloses, that the property's title had not been cleared of all defects.

This appeal is being prosecuted by the lessors.

The conditions of the escrow agreement involved herein, which are above quoted, are substantially identical with those considered by the Supreme Court in Bremer v. Lane et al., 185 La. 543, 169 So. 568; and it was held in the cited case, in effect, that the condition clause was potestative in character, in view of the fact that the lessor therein did not bind himself to cure such defects in the title as the lessee's attorney might find and point out.

It is said in Article 2024 of the Louisiana Civil Code, that "The potestative condition is that which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder." In Article 2034 of the Louisiana Civil Code we find: "Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself." The meaning of those codal provisions, as is stated in Owens v. Muslow, 166 La. 423, 117 So. 449, 450, is that, "such an obligation is voidable if the nullity be set up seasonably." However, an obligation which has been made subject to a potestative condition is capable of ripening into a valid and enforceable contract; and it becomes such when the condition on which it originally depended has been fulfilled. Owens v. Muslow, supra; Board of Commissioners for Fifth Louisiana Levee District v. Concordia Abstract & Realty Co., 181 La. 373, 159 So. 588.

In the instant case counsel for lessors contend that lessees were presented with curative instruments sufficient to provide a merchantable title to the property before the escrow agreement containing the potestative condition was repudiated; and, therefore, they, lessees, cannot escape their obligation to accept the lease. Let us consider this contention.

As before stated, the lease covered a ten-acre tract described as the southeast quarter of the northeast quarter of the northeast quarter, Section 27, Township 22 North, Range 16 West. One of the imperfections mentioned by the attorney was an unrevoked, outstanding deed evidencing the sale for unpaid 1914 taxes of a one-sixth interest in and to the above described and other property to H. H. Huckabay. The attorney's requirement respecting this was the obtaining of a release and quit claim deed from the widow and heirs of H. H. Huckabay. This specified instrument was never furnished. There were presented to lessees, however, certain documents, including a warranty deed and an affidavit of possession; and under these the lessors assert that the tax deed to Huckabay, which emanated from their regular chain of title, has been nullified and the title made merchantable by reason of the prescription of ten years acquirendi causa.

The referred to warranty deed was executed in 1919 by one T. S. Spell in favor of Tim Lawrence, the deceased husband of lessor, Mrs. Alvie Lawrence. If it be conceded that such instrument was sufficient to transfer the property and that said husband acquired in good faith, the possession evidence furnished to lessees, to show a prescriptive title, did not concern and affect the entire ten-acre tract covered by the lease. The pertinent portion of the delivered affidavit of possession is: "That Tim Lawrence and his wife acquired the North 35 acres in the NE¼ of NE¼ more than 25 years ago; that said 35 acres was in cultivation at that time and has been continuously cultivated by the said Tim Lawrence, his widow and his heirs, each and every year from that date until the present date. That the said 35 acres has been under fence for more than 30 years and that the said Tim Lawrence, his widow and his heirs have lived on said 35 acres in excess of 25 years. That the possession of said Tim Lawrence, his widow and heirs, of the said 35 acres, has been open, public, notorious, adverse; peaceable, continuous and uninterrupted for the past 25 years and there have never been any adverse claims of any nature asserted against the property and the title of Tim Lawrence, his widow and his heirs, has never been questioned."

 Lessees received no possession information before their repudiation occurred, regarding that portion of the leased property that lies in the south five acres of the northeast quarter of the northeast quarter of the above mentioned section; and, therefore, it cannot be correctly said that a title, rendered merchantable by the prescription of ten years, was exhibited and tendered to them.

The judgment of the district court appears to be correct and it is affirmed.