TITUS v. JACKSON ET AL

———

(February 28, 1927. Opinion and Decree.)
(March 14, 1927. Rehearing Refused.)
(April 26, 1927. Writ of Certiorari and Review Granted by Supreme Court.)
(October 6, 1927. Decree of Supreme Court Affirming.)

———

*(Syllabus by the Court)*

1. **Louisiana Digest—Obligations—Par. 4, 99.**

A contract to buy and sell real estate, under which the buyer agrees to buy subject to homestead loan enables the buyer to prevent or hinder the happening of the event upon which his obligation depends, and is therefore void as containing the potestative condition.

Appeal from Civil District Court. Div. "D". Hon. Porter Parker, Judge.

Action by Louis J. Titus against Mrs. Helen Jackson, Widow Milton J. Cunningham, Edward Murphy and Gus Salomon, Inc.

·· There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Theo. Cotonio, of New Orleans, attorney for plaintiff, appellant.

Fred Zengel, Jr., of New Orleans, attorney for defendant, appellee.

## OPINION

WESTERFIELD, J.   Plaintiff, Louis J. Titus, through a real estate agent by the name of Salomon, offered to buy a piece of property, belonging to Mrs. Helen Jackson Cunningham, defendant herein. The offer was accepted by Mrs. Cunningham through another real estate agent, acting for her, by the name of Edward Murphy.

Salomon gave Murphy $750.00, which he obtained from plaintiff for the purpose, to apply to the purchase price. Titus declined, or at least failed to complete the transaction, it is immaterial which, and he was put in default by a real tender in proper form. Thereafter Mrs. Cunningham sold the property to someone else and Murphy, after deducting his commission, delivered the deposit of $750.00 to her.

Titus sued everybody concerned, in solido, for the return of his money. Salomon, who operated as a corporation, could not be cited, or in any event was not considered as a factor by the court below, for the judgment ignores him, will not be considered. Moreover, he acted as agent for plaintiff, and we fail to see any reason for holding him personally responsible. Murphy was Mrs. Cunningham's agent, as she frankly avows, and we are not advised of any ground upon which he can be held to account to plaintiff. Mrs. Cunningham alone, if any one, is responsible. Her counsel justify the retention of the money upon the ground that it is earnest money and as such forfeited to her by plaintiff's refusal to comply with his agreement to purchase.

The agreement resulting from Mrs. Cunningham's acceptance of Titus' offer is not an absolute one but conditional because it contains the phrase "subject to homestead loan". Plaintiff offers to buy defendant's property for $7500.00 cash and upon other terms sufficiently definite "subject to homestead loan".

What is meant by these words? When is the offerer bound to the offeree under such a contract? The homestead is not designated, nor is the amount of the loan, which the unnamed homestead is to make to the offerer stipulated. The willingness of a homestead to loan the money would depend largely upon the amount asked. Perhaps one homestead would take greater chances than another and very probably, for the greater risk, would exact a greater interest charge or bonus. Who is to determine these things? With whom is the choice of the homestead? Who fixes the amount of loan, and conditions of the loan? We believe it may fairly be answered, the offerer.

Our Civil Code declares:   "Art. 2024. The potestative condition is that which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder.

"Art. 2034. Every obligation is null that has been contracted on a potestative condition on the part of him who binds himself."

It cannot be doubted that, under the agreement we are considering, plaintiff has the power "to bring about or hinder" the homestead loan. It will be observed that the Code in defining the potestative condition describes it as one which may be brought about or hindered by one of the contracting parties, not "and hindered" but "or hindered".

"It is of the essence of agreements which consist in promising something that they

should produce an obligation in the party making the promise to discharge it; hence it follows, that nothing can be more contradictory to such an obligation, than an entire liberty in the party making the promise to perform it or not as he may please. An agreement giving such an entire liberty would be absolutely void for want of obligation. If, therefore, I agree with you to give you something in case I please, such an agreement is absolutely void." Pothier on Obligations, Vol. 1, par. 47, page 126.

Our conclusion is that the agreement of sale is absolutely void as containing the potestative condition by law.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment for plaintiff, Louis J. Titus, and against the defendant, Mrs. Helen Jackson, widow of Milton J. Cunningham, in the sum of $750.00, with interest thereon at the rate of 5% per annum from judicial demand, and all costs.