(114 So. 86)

No. 28602.

## TITUS v. CUNNINGHAM et al.

### In re TITUS.

July 11, 1927. Rehearing Denied Oct. 4, 1927.

*(Syllabus by Editorial Staff.)*

Principal and agent ⊂⊃136(4)—Mandate; in action by prospective purchaser to recover deposit paid on void contract, agents authorized to deliver deposit to vendor held not liable (Civ. Code, art. 2034).

Where agents of vendor and purchaser negotiated a contract subject to what is assumed to be a potestative condition which made the contract void under Civ. Code, art. 2034, but the agent of the purchaser delivered a deposit to the vendor's agent which was delivered' to the vendor, *held* that in a suit to recover the deposit the agents were not personally liable since they were authorized to deliver the deposit to the vendor.

Action by Louis J. Titus against Helen Jackson Cunningham and others. Judgment of the civil district court for defendants was reversed as to Mrs. Cunningham by the Court of Appeal, which affirmed the judgment as to the other defendants. Plaintiff applies for writs of certiorari and review. Affirmed.

Theo. Cotonio, of New Orleans, for applicant.

H. S. Suthon and Fred Zengel, Jr., both of New Orleans, for respondents.

O'NIELL, C. J. Mrs. Helen J. Cunningham, owning a house and lot in New Orleans, employed Edward Murphy, a real estate broker, as her agent to sell the property. Louis J. Titus employed Gus L. Salomon, doing business as a real estate broker in the name of Gus L. Salomon, Inc., as his agent to buy the property. The price asked was $7,500, which Titus was willing to pay; but he had in cash only $750. Salomon assured Titus that he (Salomon) could obtain for him a loan from a homestead association for the balance of the price; and, with that assurance, Titus gave Salomon $750 to be paid over to Mrs. Cunningham or her agent, as the deposit of 10 per cent. on the price, which the agent, Murphy, required to bind the promise of sale. The parties then signed an agreement by which Mrs. Cunningham was bound to sell and Titus to buy the property at the price stated, "subject to homestead loan." Thereupon Salomon, as agent for Titus, paid the $750 deposit to Murphy, as agent for Mrs. Cunningham. The expression in the contract, "subject to homestead loan," meant that the obligation of Titus to buy the property was dependent upon his procuring a loan from some homestead association for the balance of the price. Titus was unable to procure the loan. Murphy therefore, as the agent of Mrs. Cunningham, after putting Titus in default, sold the property to some one else, and paid over the deposit of $750 to Mrs. Cunningham, less $225, being the commission of 3 per cent. stipulated in his contract with her.

Titus then brought this suit against Mrs. Cunningham and Murphy and Salomon, praying for judgment against them in solido for the $750. The civil district court rejected the demand. On appeal to the Court of Appeal the judgment was reversed as to Mrs. Cunningham, and judgment was rendered against her for the $750 with legal interest from judicial demand and the costs of court, and the judgment in favor of Murphy and Salomon, or Gus L. Salomon, Inc., was affirmed. The case is before us on a writ of review issued at the instance of Titus. The judgment against Mrs. Cunningham is final. The only question is whether Murphy and Salomon are—or whether either of them is —answerable to Titus for the $750.

The reason why the Court of Appeal gave judgment against Mrs. Cunningham was that the stipulation, "subject to homestead loan," was, in the opinion of the court, a potestative condition, which, according to article

2034 of the Civil Code, made the contract null. To that extent the judgment of the Court of Appeal is final, and is not subject to review.

It is argued on behalf of Titus that Murphy and Salomon were brokers, or mandatories of both Titus and Mrs. Cunningham, owing as much fidelity to the one as to the other, and that they were obliged to hold the deposit of $750 subject to the mutual order of Titus and Mrs. Cunningham, or an order of court. The argument would be good if that had been the understanding of the parties; but the fact is that Titus deposited the $750 with Salomon with the understanding and intention that it should be paid over to Mrs. Cunningham or to Murphy as her agent and by him to her. For that reason neither Murphy nor Salomon is answerable to Titus for paying the money to Mrs. Cunningham.

The judgment of the Court of Appeal is affirmed.