PARKS v. CILLUFFA

---

(February 13, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Bills and Notes—Par. 44.

A promissory note which has for its consideration the payment of a deposit to bind a sale made "for cash through homestead" is null and cannot be enforced by the original holder, when the sale has failed.

Appeal from the Civil District Court. Hon. H. C. Cage, Judge.

Action by Harry T. Parks against Anthony Cilluffa.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Walter G. Wedig, of New Orleans, attorney for plaintiff, appellee.

Theo. Cotonio, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This suit is upon the following promissory note:

"$800
"New Orleans, La., September 4th, 1923. "Forty-five days after date I promise to pay to the order of myself at New Orleans, Louisiana, eight hundred and 00/100 dollars for value received with interest at the rate of eight per cent per annum from maturity until paid.
"Signed: TONY CILLUFA."

The defendant admitted having signed the note sued on, but averred "the truth to be that plaintiff obtained said note through fraud, error, and misrepresentation, without any consideration whatever, and that at no time did plaintiff give to defendant the sum of $800 or the equivalent thereof; that at the time of the execution of said note respondent signed an agreement which had been drawn by the plaintiff, reading as follows:

"New Orleans, La., Sept. 4th, 1923. "I, Anthony Cilluffa, hereby agree to purchase from H. D. Parks, the properties Nos. 531-33 and 35 S. Cortez Street, measurements as per title for the sum of eight thousand dollars and deposit with the said H. D. Parks my note for eight hundred

dollars payable 45 days after date to bind the sale, which is to be part payment of the purchase price. Sale for cash through homestead.

"Signed: TONY CILLUFFA.
"I accept the above offer.
"Signed: H. T. PARKS."

On April 6, 1925, judgment was rendered in favor of plaintiff.

The defendant filed an application for a new trial upon the following grounds, among others:

"1st. That the Court failed to pass upon the issue of want of consideration;
"2nd. * * *. 3rd. * * *. 4th. That there being no agreement of sale which can be enforced there is no consideration, and the Court, because of such want of consideration, should have rendered judgment in favor of defendant."

The new trial was refused and defendant appealed.

The plaintiff, examined as a witness, admitted that the signature to the above document was his and that the note mentioned therein and filed herein is the note sued on, and that he did not give the defendant $800 in cash money for the note; he also testified that the defendant agreed to purchase the property for $8000 and furnished the note for $800 or ten per cent to bind the sale, and as part payment of the purchase price.

The defendant offered in evidence the document mentioned in his answer dated September 4, 1923.

On February 28, 1927, in the case of Titus vs. Jackson, reported in 7 La. App. 37, this Court decided:

"A contract to buy and sell real estate under which the buyer agrees to buy subject to homestead loan enables the buyer to prevent or hinder the happening of the event upon which his obligation depends and is therefore void as containing the potestative condition." 114 So. Rep. 86.

In that case the plaintiff, Titus, offered to buy real estate from the defendant, Mrs. Jackson Cunningham. His offer was accepted and he deposited $750 with defendant's broker who delivered it to the defendant.

Titus failed to consummate the sale notwithstanding default, and Mrs. Cunningham sold the property to another buyer. Titus then sued Mrs. Jackson Cunningham for the return of his deposit. This Court said:

"The agreement resulting from Mrs. Cunningham's acceptance of Titus' offer is not an absolute one but conditional because it contains the phrase 'subject to homestead loan.' Plaintiff offers to buy defendant's property for $750.00 cash and upon other terms sufficiently definite 'subject to homestead loan'."

The Court then proceed to declare that such terms create a potestative condition which renders the obligation null "on the part of him who binds himself" under Articles 2034 and 2024 of the Civil Code. The two cases of Titus and the one under consideration are identically the same in principle. If Titus could recover from Mrs. Jackson the money he had deposited in her hands on the ground that it lacked consideration and was not due (C. C. 1893, 2133, 2301) a fortiori, can Cilluffa refuse to pay to Parks a note the consideration of which is declared by law and jurisprudence to be null? We must adhere to our opinion in the Titus case until it is reversed by the Supreme Court.

In justice to our learned brother of the District Court we must state that the Titus case had not been decided by this Court at the time he rendered his judgment herein

The judgment herein is reversed and annulled and it is now ordered that there be judgment against the plaintiff herein, Harry T. Parks, rejecting his demand at his cost in both Courts.