MONTELEONE v. BLACHE

———

(March 18, 1929. Opinion and Decree.)

———

Guion & Upton and W. Ogden, of New Orleans, attorneys for plaintiff, appellee.

Dufour & St. Paul, of New Orleans, attorneys for defendant Blache, appellant.

F. Rivers Richardson, of New Orleans, attorney for defendant McWilliams, appellant.

JANVIER, J. Plaintiff, desiring to purchase certain property in New Orleans, employed R. McWilliams, a real estate agent, to attempt to secure it for him on certain terms and conditions which were set forth in a written offer. A deposit made with McWilliams by plaintiff was turned over by McWilliams to J. H. Blache, defendant, as he was the listing agent for the property.

One of the conditions contained in the offer reads:

"Corner half (3135) to be used as grocery, and inside half (3133) to be used as a residence, subject to zoning ordinances covering this section."

Another condition set forth in the offer is as follows:

"Cash to owner, Homestead terms."

The offer was accepted by the owner, S. Mortellaro, whose name is sometimes given in the record as Sebastian Montelaro, but the sale was never consummated for two reasons: First, because the city authorities refused to permit a grocery business in the premises; and, second, because the prospective purchaser was unable to obtain a satisfactory homestead loan.

Plaintiff thereupon brought this suit to recover the amount of his deposit.

The suit, as originally filed, was directed against J. H. Blache. He filed exceptions of no cause of action, no privity of contract, and nonjoinder. He argued in support thereof that R. McWilliams should have been joined as defendant. These exceptions were overruled. Nevertheless plaintiff, by supplemental petition, made both R. McWilliams, agent, and Mortellaro, the owner of the property, parties defendant.

After filing various exceptions all defendants filed answer except Mortellaro, the owner. He filed no pleadings, but testified in the case, and it was shown that on June 18, 1924, he had written a letter to Blache directing him to return the deposit. Blache now contends that the owner Mortellaro was not properly made a party defendant and that he (Blache) would therefore not be safe in returning the deposit or any part of it, because of a possible right of Mortellaro thereto. In view of the fact that a citation was issued to Mortellaro and of the further fact that he disclaims any interest in the deposit and has directed its return, it is manifest that this contention of Blache is not well founded.

It is true that in Maloney vs. Aschaffenburg, 143 La. 509, 78 So. 761, the Supreme Court said:

"Where a broker is employed to sell property and closes an agreement for its sale, he becomes agent of both the seller and the purchaser; and where, as a result of such agreement, the purchaser deposits with him 10 per cent of the amount of the purchase price, the seller may not sue the broker to recover such deposit, without properly impleading the purchaser and making him a party to such suit."

However, in the case at bar, the owner was impleaded and was called on to assert any rights he might have had. He asserted none and, on the contrary, disclaimed any interest. Hence Blache was fully protected against any possibility of a subsequent claim or contention by the owner to the effect that the deposit should not have been returned.

Defendant contends that the conditions which we have quoted were not such as to deprive the document of its binding effect, but were in fact merely conditions precedent.

We have repeatedly held that such conditions as "subject to homestead loan," etc., are potestative and deprive an otherwise valid contract of binding effect.

The offer in this case is therefore unenforceable.

On this point the case at bar is controlled by the decision of this court in Titus vs. Cunningham et al., 7 La. App. 37, 114 So. 86. In that case we said:

"A contract to buy and sell real estate under which the buyer agrees to buy subject to homestead loan enables the buyer to prevent or hinder the happening of the event upon which his obligation depends and is therefore void as containing the potestative condition."

Therefore, since Blache effected no valid agreement of sale, he is entitled to no commission.

"It was as if no sale had been effected, in which case plaintiff under his contract was not entitled to any commission." Harvey vs. Loup, 4 La. App. 556.

The requirement that the permission of the city authorities be obtained seems to us to be not a potestative condition because the granting of the necessary permission depended, not upon the will of either of the parties, but entirely upon the discretion of the city authorities.

This condition was therefore not potestative, but suspensive, and the obligation to purchase did not come into existence until the happening of the event on which it was conditional. C. C. 2021.

Under such a contract the obligee bears the burden of showing that the event has happened and that as a result of such happening the obligor is bound.

The obligee has not sustained this burden, nor has he attempted to do so.

Even had the contract not contained the potestative condition as to the homestead loan, no rights could flow from it until the party claiming the rights could show affirmatively that the event on which the obligation was made conditional had happened.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.