DECKER v. RENAUDIN

(May 18, 1929. Opinion and Decree.)
(May 21, 1929. Writ of Certiorari and
Review Refused by Supreme Court.)

Weiss, Yarrut and Stitch, of New Orleans, attorneys for plaintiff, appellant.

Leon Levitan, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff sues for the return of $694, deposited by him with Miss Renaudin's real estate agent as 10 per cent of the purchase price of certain real estate owned by Miss Renaudin, and which Decker agreed to purchase. Plaintiff bases his claim for the return of his money and the cancellation of the agreement of sale on two grounds.

He first charges that he was the victim of misrepresentation, in that he was told that one-half of the property was rented for $35 per month, whereas, in fact, it was rented for only $30 per month. A careful review of the evidence convinces us, as it did the trial judge, that there was no misrepresentation employed, and that plaintiff's error was the result of a misunderstanding, and that defendant and her mother acted in the best of faith throughout the transaction.

Plaintiff's second contention is directed at the contract itself. He claims that it contains a potestative condition, and is thus unenforceable. The agreement of sale which we find in the record contains these words: "Subject to Homestead loan—gotten thru Conservative Homestead or any obtained by E. P. Smith Co."

Defendant argues that this contention cannot be raised before this court because it was not argued below, and in support of this argument cites Northwestern Bottle Co. vs. Rosen et al., 8 La. App. 284, in which this court cited numerous cases holding that:

"Pleas and issues not raised in the lower court cannot be raised on appeal."

It appears, however, that this contention was raised below, although we assume from defendant's argument, and from the fact that it was not discussed by the trial judge in his reasons for judgment, that it was not stressed. Nevertheless, we find in plaintiff's petition article 15, which reads as follows:

"Now Petitioner furthermore alleges and avers that the said alleged contract between himself and said Miss Renaudin is null, void and of no effect, or in the alternative is voidable, and not binding upon petitioner for want of mutuality and is nudum pactum, for the reason that the terms recited are 'One Thousand Dollars Cash, balance of $5,940.00 on Homestead Loan obtained by purchaser or E. Palmer Smith' (as recited in one copy of the contract delivered to Petitioner) or (as recited in another copy supposedly of the same contract delivered to Petitioner) 'One thousand Dollars cash, balance of $5,940.00 subject to Homestead loan, gotten through Conservative Homestead or any gotten by E. Palmer Smith & Company.' "

We can think of no words which would more clearly set forth the identical contention made in oral argument and on brief here than those employed by plaintiff in this article of his petition.

It is further contended by defendant that the fact that a patricular homestead is named in the contract brings this case within the doctrine announced in Morrison vs. Mioton et al., 163 La. 1065, 113 So. 456, in which the court said:

"Whatever may be the nature of the obligation imposed by the contract upon plaintiff (the purchaser), it is clearly not potestative, since its execution does not depend solely upon his will. Civ. Code, art. 2024. * * * Plaintiff's inescapable duty

under the plain terms of the contract was to apply to the Orleans Homestead Association for a loan in order to obtain the money required for the purchase of the property. Favorable action by the association on such application would have fixed absolutely upon plaintiff the obligation to take the property and pay the price."

But the evidence shows beyond the shadow of a doubt that the very homestead named in the contract in the case at bar refused to make the loan, and it also shows that neither defendant nor her agents made any effort to produce any other homestead ready, willing, and able to make the loan.

Plaintiff's offer contained two alternative conditions. In effect he said:

"I will buy your property if the Conservative Homestead will lend me the money, or if your agent Smith can arrange for some other loan for me."

The homestead refused to lend the money, and Smith did not arrange for any other loan. Under C. C. art. 2021, these conditions appear to us to have been suspensive, as plaintiff's obligation to purchase did not come into existence until the happening of one of the events on which the offer was conditioned. As neither of the events has happened, plaintiff's obligation has not come into existence, and he is at liberty to withdraw and to require that his deposit be returned to him.

There is some dispute as to which of the agreements is the one actually executed by the parties. The one which seems to us genuine is the one to which we have referred, and the conditions of which we have quoted.

However, if the other is the genuine agreement, it also contains the following conditions which prevent its enforcement:

"Subject to Homestead loan obtained by purchaser or E. Palmer Smith."

We have repeatedly held that such conditions as "subject to homestead loan" are potestative, and deprive the document of binding effect. Titus vs. Cunningham, 7 La. App. 37; Parks vs. Cilluffa, 7 La. App. 749; Matthews Bros. vs. Schoenberger, No. 11099, Ct. of App., Par. of Orleans, decided October, 1928, 122 So. —.

It matters not, then, which contract is the genuine one. The conditions contained in one are potestative and the document is therefore a "nudum pactum," and the conditions contained in the other have never been complied with, and plaintiff is therefore not bound.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that plaintiff do now have and recover judgment against defendant in the sum of $694, with interest from December 13, 1925, until paid. All costs to be paid by defendant.

### ON REHEARING

JANVIER, J. On application for rehearing, plaintiff and appellant calls attention to our failure to render judgment against the co-defendant, E. Palmer Smith.

This omission was due to the fact that in the original petition, judgment was asked against only one defendant, Miss Renaudin.

The decree and judgment should have been against both defendants, and it is now, therefore, ordered that the rehearing applied for by plaintiff and appellant be and it is refused and that the decree heretofore rendered by us be amended so as to read as follows:

It is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided and reversed and that plaintiff, Emile J. Decker, do now have and

recover judgment against. Miss Ruth F. Renaudin, and E. Palmer Smith, jointly, severally and in solido, in the sum of Six Hundred and Ninty-Four Dollars ($694.00), with legal interest from December 13, 1925, until paid.

All costs to be paid by defendants.