## LUDERBACH v. CRISTINA & LAURICELLA, INC.

___

(December 16, 1929. Opinion and Decree.)

___

Dart & Dart, of New Orleans, attorneys for plaintiffs, appellees.

Joseph M. Jones, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff, Mrs. Louis F. Luderbach, joined in this proceeding by her husband, sues Cristina & Lauricella, Inc., and Hecker Brothers, Inc., for the return of a deposit of $200, which she made with Cristina & Lauricella, Inc., as agent, on account of the purchase price of a certain piece of property belonging to Hecker Brothers, Inc., which she had agreed to purchase. Cristina & Lauricella, Inc., admit the possession of the deposit, but assert the right to retain it until the court should decide which of the parties to the agreement of sale owes it a commission as real estate agent. It does not claim that plaintiff owes the commission and asks no judgment against her, but "reconvenes" and prays for judgment against its co-defendant in the event that it should be required to return the deposit to plaintiff.

Hecker Brothers, Inc., answer, admitting that plaintiff made the deposit, as claimed, and assert that it should be returned, but resist the claim of its co-defendant for a commission.

The contract for the sale of property, under the terms of which the deposit was made and the commission claimed, stipulates that plaintiff shall pay $4,000, of which $733 was to be made up partly in cash and partly by the transfer of an equity she possessed in other property, and the balance, $3,267, "subject to homestead loan" of that amount.

Plaintiff made an unsuccessful attempt to get a homestead loan on the property and for that reason declined to go forward with her agreement.

It is argued that the agreement of sale contained the suspensive condition, the failure of which relieved plaintiff of her obligation to purchase the property, and that, in any event, the contract contained a potestative condition which rendered it invalid.

Without discussing the unusual character of defendant's pleading, it is sufficient

to say that we have repeatedly held that an agreement to purchase property, by the terms of which all or a part of the purchase price was conditioned upon the purchaser obtaining a homestead loan, or, as it is usually phrased, "subject to homestead loan," was potestative, unenforceable, null and void. East Bank Land Co., Inc., vs. Mrs. Lillian Hoffstetter (La. App.) 125 So. 160, this day decided; Mathews Bros. vs. Schoenberger, 11 La. App. 155, 123 So. 133; Decker vs. Renaudin, 10 La. App. 725, 122 So. 600; Parks vs. Cilluffa, 7 La. App. 749; Titus vs. Jackson, et al., 7 La. App. 37.

A real estate agent is not entitled to a commission for procuring a purchaser who qualifies his offer to purchase with illegal conditions.

The judge a quo held that the deposit should be returned to plaintiff and that no commission was due. His conclusions are correct and, for the reasons herein assigned, the judgment appealed from is affirmed.