**EAST BANK LAND CO., INC., v. HOFFSTETTER**

———

(December 16, 1929. Opinion and Decree.)
(January 13, 1930.    Rehearing Refused.)
(March 10, 1930.    Writ of Certiorari and
    Review Granted by Supreme Court.)
(May 5, 1930.    Opinion and Decree in
    Supreme Court.)

———

Chas. I. Denechaud and Ernest J. Robin, of New Orleans, attorneys for plaintiff, appellant.

Richard A. Dowling and Wm. R. Kinsella, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J.    Plaintiff corporation is engaged in the business of real estate brokerage.    It alleges that it obtained a purchaser for a piece of property, owned by defendant, upon terms acceptable to her, as evidenced by her signature to an agreement of sale; that defendant declined to execute the contract, and that therefore plaintiff's commission is due.    Defendant filed an exception of no cause of action, which was overruled, and on the trial of the case on its merits judgment was rendered in favor of defendant.    The exception of no cause of action is based upon an alleged potestative condition in the terms of the offer of purchase of defend-

ant's property. The price agreed upon in the contract was $8,000, $6,500 of which was conditioned upon the offerer obtaining a homestead loan for that amount, or, as it is phrased in the contract, "subject to homestead loan of $6,500.00."

We have repeatedly held that similar conditions in contracts for the purchase of real estate are potestative and deprive the contract of legal validity. Titus vs. Jackson et al., 7 La. App. 37; Parks v. Cilluffa, 7 La. App. 749; Mathews Bros. vs. Schoenberger, 11 La. App. 155, 123 So. 133. In the last-cited case we held that a contract, in which the consideration was stated to be "$6,000.00 cash Bal. thru homestead," could not be enforced.

In Decker vs. Renaudin, 10 La. App. 725, 122 So. 600, an offer to purchase "subject to homestead loan—gotten thru Conservative Homestead or any obtained by E. P. Smith Co.," was considered and declared potestative.

In the case of Morrison vs. Mioton et al., 163 La. 1065, 113 So. 456, the Supreme Court held that, where a particular homestead was mentioned (in that case the Orleans Homestead Association), the condition was not potestative, because its fulfillment was not dependent solely upon the will of the offerer. In the case before us, however, we find nothing to distinguish it from the cases we have referred to, holding similar conditions to be potestative.

The exception of no cause of action should have been maintained, but, since the trial court, in passing upon the case on its merits, has reached the same result, its judgment will be affirmed.

For the reasons assigned, the judgment appealed from is affirmed.