This is a suit by a real estate broker for a commission. The petition alleges that on or about August 26th, 1940, plaintiff was employed by the defendant, Mrs. J.S. Dallimore, under a written contract to procure a purchaser for her property 2745-47 Jasmine Street, this City, for the sum of $5,250, agreeing to pay Derbes 4% of that amount or $210 as his commission in the event of his success; that plaintiff found a purchaser in the person of Mrs. Edna Barker Merino, who was able, ready and willing to take the property at the price stipulated; that she signed an offer to purchase the property and made the customary deposit of 10% of the purchase price; that notwithstanding plaintiff's performance of his part of the contract, Mrs. Dallimore failed and refused to carry out the agreement of sale and also refused to pay plaintiff his commission.
The defendant filed exceptions of no right or cause of action and, in compliance with the rules of the First City Court, filed her answer at the same time, in which she admitted the signing of the contract for the sale of the property, but she alleged that she acted under an error of law in that she believed that she was the sole owner of the property which, as a matter of fact, belonged to the community of acquets and gains existing between herself and her deceased husband and also that the contract sued upon was void ab initio because it contained a potestative condition.
There was judgment on the face of the pleadings in favor of plaintiff and against defendant as prayed for. *Page 125 
The first point raised by defendant to the effect that she could not give title to the property is not sound. A real estate agent is not bound to examine the title of his customer before undertaking to sell his property. Doll v. Russo, La.App.,7 So.2d 406, decided April 13, 1942, and authorities there cited.
On the question of the potestative condition we find that the contract contains the following stipulation:
"This sale is conditioned upon the ability of the purchaser to borrow upon this property as surety the sum of $3,500.00 either by a Homestead loan from any Homestead on the usual Homestead terms, or by a mortgage loan from some other source at a rate of interest not to exceed _____% per annum for a period not to exceed _____ years which loan the purchaser obligates himself to obtain if procurable. Either loan to be secured by purchaser or agent _____ days from acceptance hereof.
"Property sold subject to (In Type) If unable to obtain loan deposit is to be refunded."
A potestative condition is defined in Article 2024 of the Revised Civil Code as that "which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder" and Article 2034 declares that "every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself".
There is no question in our minds that the condition mentioned in the contract for the sale of Mrs. Dallimore's property was potestative. Titus v. Jackson, 7 La.App. 37; Jacobs v. Grasshoff, 10 La.App. 68, 120 So. 417; Monteleone v. Blache, 11 La.App. 99, 120 So. 900; Mathews Bros. v. Schoenberger, 11 La.App. 155, 123 So. 133; Luderbach v. Cristina Lauricella, Inc., 12 La.App. 28, 125 So. 161; Gruntz v. Frank Jordano, Inc., 12 La.App. 172, 125 So. 167; East Bank Land Co., Inc., v. Hoffstetter, 13 La.App. 564, 125 So. 160; Anderson et al. v. Blache et al., 17 La.App. 14, 16, 134 So. 416.
In Anderson v. Blache, supra, a case decided by Justice Higgins when a member of this Court, the facts with respect to the potestative condition were practically identical, since it depended upon the ability of the purchaser "to obtain a homestead loan of $2,100 within 90 days". It was there held that the contract was "clearly unenforceable because it contained a potestative condition".
The case of Morrison v. Mioton et al., 163 La. 1065,113 So. 456, 458, relied upon by the plaintiff, is not in point for the reason that the provision of the contract considered in that case differs from the one we are considering here. For example, in the Mioton case the condition claimed to be potestative reads as follows: "Terms cash; subject to homestead loan to be granted by the Orleans Homestead Ass'n."
In the present case the condition was, as we have already shown, in the following words: "This sale is conditioned upon the ability of the purchaser to borrow upon this property * * * either by a Homestead loan from any homestead on the usual Homestead terms, or by a mortgage loan from other source * * *".
But it is admitted that the prospective purchaser notified the defendant that the loan had been secured, and, therefore, the potestative condition had been met.
In Owens v. Muslow, 166 La. 423, 117 So. 449, 450, our Supreme Court, through Justice St. Paul, said that the meaning of the Code, which declares every obligation null which has been contracted on a potestative condition on the part of him who binds himself, is that "* * * such an obligation is voidable if the nullity be set up seasonably, precisely as when the code says, article 2452, that the sale of a thing belonging to another is null. See 2 Hennen Digest, p. 1325 (c) 1 Cf. R.C.C. art. 3293."
See, also, Signorelli v. Morice, La.App., First Circuit, 174 So. 124, 125, where it was held that "a condition in a contract, which has been fulfilled, ceases to be potestative, and where a contract has been made subject to a potestative condition, and the condition is fulfilled, such contract becomes binding and enforceable. Board of Commissioners [for Fifth Louisiana Levee Dist.] v. Concordia Abstract Realty Company, Ltd., et al.,181 La. 373, 159 So. 588; Oliver et al. v. Home Service Ice Company, Inc., La.App., 161 So. 766."
In Bank of Vivian v. Smith, La.App., Second Circuit, 197 So. 686, 687, it was said: "However, an obligation which has been made subject to a potestative condition is capable of ripening into a valid and enforceable contract; and it becomes such when the condition on which it originally depended has been fulfilled". *Page 126 
In view of the admission that defendant had been notified of the fulfillment of the potestative condition, the final question is whether it was seasonably accomplished or, to put it another way, whether the nullity of the contract was seasonably set up.
After the defendant had taken the position that the contract was null because of the potestative condition, the nullity is not cured by notice to defendant of its waiver or of its compliance. There is nothing in the record from which we may determine whether the nullity of the contract was set up before it had been cured by compliance with the objectionable condition, consequently, we are obliged to remand the case for the purpose of receiving evidence on this point.
For the reasons assigned, the judgment appealed from is annulled, avoided and reversed, and it is now ordered that this case be remanded to the First City Court of New Orleans for further proceedings according to law and not inconsistent with the views herein expressed.
Reversed and remanded.
 On Motion to Amend Decree