The facts in this case are stated in detail in our opinion rendered when it was originally before us. See Derbes v. Dallimore, 8 So.2d 124. Briefly it involves the right of a real estate broker to collect a commission on a contract for the sale of real estate. We held that the contract was null under Article 2034 of the Revised Civil Code because it contained a potestative condition. However, since it was admitted that the defendant, the proposed vendor had received notice that the condition had been met and there was nothing in the record to show whether defendant's refusal to comply with her agreement to sell her property had been seasonably made, that is before the nullity had been cured, we remanded the case for the purpose of receiving evidence on that point, because an obligation which has been made subject to a potestative condition is capable of ripening into a valid and enforceable contract when the condition upon which it has been originally made has been met. Bank of Vivian v. Smith, La.App., Second Circuit, 197 So. 686. But its fulfillment after *Page 125 
rejection by one of the parties is too late. Owens v. Muslow,166 La. 423, 117 So. 449.
The question, therefore, which the court below had before it was the date of the fulfillment of the potestative condition and the date of the refusal of defendant to comply with her contract.
There was judgment below in plaintiff's favor as prayed for and defendant has appealed.
The potestative condition which the contract contained consisted in the following stipulation:
"This sale is conditioned upon the ability of the purchaser to borrow upon this property as surety the sum of $3,500.00 either by a Homestead loan from any Homestead on the usual Homestead terms, or by a mortgage loan from some other source at a rate of interest not to exceed ___% per annum for a period not to exceed ___ years which loan the purchaser obligates himself to obtain if procurable. Either loan to be secured by purchaser or agent ___ days from acceptance hereof."
According to the record now before us, the Globe Homestead approved a loan on the defendant's property for $3,300 on March 5th, 1941, and notified Mrs. Dallimore, the defendant, to that effect the following day, March 6th, 1941. This was three days after defendant's counsel addressed a letter to the plaintiff under date of March 3rd, 1941, reading in part as follows:
"I am of the opinion that the contract you have reference to is unenforceable and I have accordingly advised my client there is no liability on her part."
Mrs. Coman, an employee of the plaintiff, testified that she had notified Mrs. Dallimore that the loan had been approved on February 29th, 1941, and had requested that she deliver evidence of her title in order that the homestead might conduct an examination. Mrs. Coman, however, admitted that she was acting upon her belief that the loan would be granted because of the valuation placed upon the property by the Central Appraisal Bureau, which, it is testified, is the authority upon which the homesteads in New Orleans usually rely. She could not have known that it had been granted because, as a matter of fact, it was not even considered until March 5th, 1941.
It is, therefore, evident that the potestative condition was not cured before Mrs. Dallimore's refusal to go through with the sale, consequently, and
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of defendant, dismissing plaintiff's suit at his cost.
Reversed.