This is a suit by a corporation engaged in the real estate brokerage business to recover a commission which it claims is due by the defendant. The suit was dismissed in the lower court on an exception of no cause of action which was interposed by the defendant. Plaintiff has appealed from the adverse decision. The facts of the case, as alleged in plaintiff's petition and as amplified by a written contract which is attached to and made part thereof, are as follows:
The plaintiff, Stephen L. Guice Co., Inc., is a duly authorized and licensed real estate broker and is engaged in business as such in the city of New Orleans. In the usual course of business, it was employed by the owners of the real estate bearing municipal numbers 1436-1438 St. Mary Street as listing agent for the purpose of disposing of the property by sale. On September 2, 1942, the defendant, Benjamin Perkowski, made a written offer, addressed to plaintiff as real estate agent, to purchase the property for the sum of $5,250 on terms of "$1200.00 cash, balance loan through any N.O. Homestead on their regular terms and conditions." This offer was accepted by the owners of the property who agreed to pay plaintiff a commission of $250 for its services. The offer made by the defendant contained a clause reading as follows: "Should I fail to comply with the terms of this offer if accepted I obligate myself to pay the commission."
Plaintiff alleges that, upon the acceptance of the offer by the owners, it immediately notified the defendant and requested him to place in its hands the usual 10% deposit, or $525, as required by the contract; that defendant refused to do so and that he, at all times since, has persisted in his refusal. It is further alleged that, after defendant refused to make the deposit, plaintiff applied for a loan with the Equitable-Mutual Homestead Association, a homestead doing business in the city of New Orleans; that, on September 21, 1942, the said homestead notified it that it would grant a loan on the property for the amount stipulated in defendant's offer on its regular terms and conditions; that plaintiff immediately notified defendant that the loan was available; that, despite this, defendant continued in his refusal to comply with his contract; that, in view of this, he has breached the contract and that, in accordance with the conditions of the agreement, he has become liable to it for the commission of $250. *Page 694 
The defendant's exception of no cause of action which was maintained by the trial judge is predicated upon the theory that the contract upon which plaintiff's demand is founded is null and void for the reason that the provision in the offer, that the terms of purchase would be $1,200 cash with balance by loan through any New Orleans homestead, is a potestative condition. In support of this contention, defendant relies on a long line of adjudications by this court, beginning with the case of Titus v. Jackson et al., 7 La.App. 37, wherein it has been held that offers to purchase real estate containing conditions that payment of the price is subject to a homestead loan are potestative and hence void under articles 2024 and 2034 of the Revised Civil Code.
On the other hand, counsel for plaintiff assert that defendant's exception is not well founded for a number of reasons. They preface their argument with the concession that this court has many times declared that conditions similar to the one contained in the contract in suit have been found to be potestative and therefore null. However, counsel vigorously attack the soundness of the reasoning upon which these adjudications are based, proclaiming that an agreement to purchase real estate provided the purchaser is able to obtain a homestead loan is not objectionable on the ground that it contains a potestative condition because the fulfillment of such a condition does not depend entirely upon the will of the obligor. To buttress their position, they direct our attention to the decision of the Supreme Court in the case of Morrison v. Mioton, 163 La. 1065, 113 So. 456, where it was held that an offer to purchase real estate for a certain price to be paid in cash, subject to a homestead loan to be granted by a particular homestead association, was not invalid as containing a potestative condition. It is contended that the jurisprudence of this court is in direct conflict with the views expressed in Morrison v. Mioton and that therefore our decisions should be overruled.
Alternatively, counsel maintain that, in the event we believe that the decision in Morrison v. Mioton can be distinguished from the case at bar and the other decisions of this court in similar matters, defendant's exception should nevertheless be overruled because the defendant is at fault in the premises and therefore owes the commission, — irrespective of whether the contract can be enforced by the owners of the property. Counsel say that, as between plaintiff and defendant, the question of the potestative condition passed out of the case when plaintiff undertook and was able to find a homestead ready and willing to lend defendant the money he needed in order to pay the owners of the property the full price.
In view of the contentions made by counsel for plaintiff, we are confronted at the outset with the necessity of reviewing the prior jurisprudence of this court for the purpose of determining whether the conclusions reached by us in those cases are in conflict with the ruling of the Supreme Court in Morrison v. Mioton, for, if we are unable to perceive a difference in the cases, the adjudications of this court must be overruled. In approaching this task, we believe it is pertinent to discuss briefly the articles of the Civil Code pertaining to conditional obligations.
Article 2021 defines conditional obligations as follows: "Conditional obligations are such as are made to depend on an uncertain event. If the obligation is not to take effect until the event happen, it is a suspensive condition; if the obligation take effect immediately, but is liable to be defeated when the event happens, it is then a resolutory condition."
Article 2022 declares: "Conditions, whether suspensive or resolutory, are either casual, potestative or mixed."
Article 2024 defines the potestative condition as follows: "The potestative condition is that which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder."
Article 2025 defines a mixed condition. It provides: "A mixed condition is one that depends at the same time on the will of one of the parties and on the will of a third person, or on the will of one of the parties and also on a casual event."
Article 2026 declares: "Conditions are either express or implied. They are express, when they appear in the contract; they are implied, whenever they result from the operation of law, from the nature of the contract, or from the presumed intent of the parties."
Article 2034 provides: "Every obligation is null, that has been contracted, on *Page 695 
a potestative condition, on the part of him who binds himself."
And Article 2035 limits the application of the foregoing article by providing: "The last preceding article is limited to potestative conditions, which make the obligation depend solelyon the exercise of the obligor's will; but if the condition be, that the obligor shall do or not do a certain act, although thedoing or not doing of the act depends on the will of the obligor,yet the obligation depending on such condition, is not void."
(Italics ours.)
The above-quoted articles make it perfectly clear that all potestative conditions are not null. It is only those potestative conditions which are dependent solely upon the will, whim or caprice of the obligor which are reprobated. In other words, if the condition shows on its face that the obligor is not required to perform and that he may or may not fulfill it according to his desire, then the obligation is null as to him under the provisions of articles 2034 and 2035 of the Code. On the other hand, if the condition imposes on the obligor the duty of fulfilling it or of making a sincere effort towards its fulfillment, then it is not purely potestative but only potestative in the sense that the obligor is in a position to hinder or prevent the execution of the contract. Unquestionably, such conditions are enforceable under the provisions of Article 2035 of the Code which restricts the nullity provided for in Article 2034 to cases where the fulfillment of the condition depends solely on the will of the obligor — that is, to cases where the contract exhibits that the parties do not contemplate that the obligor is required to perform the condition unless he sees fit.
Let us therefore examine the condition contained in the instant contract in the light of the articles of the Civil Code. The defendant has made a written offer to purchase the real estate on St. Mary Street for $5,250 on terms of "$1200.00 cash, balance loan through any N.O. homestead on their regular terms and conditions." The intent expressed in this offer is that the defendant will purchase the property for the stipulated price, which he will pay in cash, provided he is able to obtain a homestead loan for $4,050. Obviously, the nature of the offer is such that the defendant promises that he will at least make an effort to obtain the loan he desires — for he, in effect, says, "If any New Orleans homestead will lend me the difference between $1200, which I have in cash, and the price which I offer to pay you (the owner) I will buy your property." Of course, the obligation to apply to the New Orleans homesteads for the desired loan is not expressed in the condition but it is plainly contemplated and implied from the nature of the stipulation. And, being an implied condition, it is enforceable under Article2026 of the Civil Code. The defendant does not say that he will buy the property, in case he desires to obtain a loan from a homestead on such terms and conditions as he may provide. On the contrary, he says in effect that he will buy the property provided that any New Orleans homestead will lend him the amount he needs, upon the homestead's regular terms and conditions.
A careful study of the applicable codal articles has been sufficient to satisfy us that the condition contained in the contract in the instant case does not fall within the definition of a potestative condition and, under no circumstances, within that category of pure potestative conditions which are reprobated by articles 2034 and 2035 of the Civil Code. We regard the condition to be a suspensive one which is dependent solely for its fulfilment upon the will of third parties, i.e., the homesteads — for, the defendant has obligated himself to pay the purchase price in the event any New Orleans homestead will lend him the money on their regular terms and conditions. See Art. 2043, R.C.C. This offer clearly (though impliedly) imposes upon him the duty of making a reasonable effort to obtain the loan.
However, it may be argued that the New Orleans homesteads do not, in fact, have regular terms and conditions; that the amount which they will lend on a particular piece of property depends entirely on its appraised value and that the interest rate charged for such loans varies with the risk taken by the homestead. The ready answer to such a suggestion is that this would be a matter to be determined on the merits of the case and could not be considered on an exception of no cause of action which, for purposes of trial, concedes the facts alleged in plaintiff's petition to be true. Moreover, another answer is that the defendant might not be justified in receding from his engagement because the interest charged by the homestead, or the terms imposed by it, *Page 696 
are not to his liking — provided the terms and conditions were shown to be reasonable and customary.
In addition, even if it be assumed that the offerer would have the right to refuse to accept a loan tendered by a homestead under conditions and terms not to his liking or providing for a higher rate of interest than he was willing to pay, it would not follow that the condition in the contract is potestative. Conversely, we believe that such a condition is governed by Article 2025 of the Code. It is a mixed condition which is one depending upon the obligor's will and also upon the will of third parties (in this case the homesteads). To illustrate — if one of the homesteads was willing to make the loan with interest at 8% and the defendant was unwilling to pay more than 6%, the issue would not be that the condition was potestative but whether the rate demanded by the homestead was higher than that which was in the contemplation of the parties to the contract. This, of course, would be a question of fact to be developed on the trial of the case.
With these views in mind, we undertake a discussion of the previous adjudications of this court and that of the Supreme Court in the case of Morrison v. Mioton, supra. The first case decided by this court, wherein it was declared that a condition in a contract to buy real estate under which the buyer agrees to purchase subject to a homestead loan is void as containing a potestative condition, is Titus v. Jackson et al., 7 La.App. 37. This decision, which was handed down on February 28, 1927, is sometimes referred to as "Titus v. Cunningham." There, the court found that, since neither the homestead from whom the proposed loan was to be obtained was designated, nor the amount of the loan to be made, nor the rate of interest to be charged, the condition was a potestative one as defined by Article 2024 of the Code and therefore void under Article 2034 because "It cannot be doubted that, under the agreement we are considering, plaintiff has the power `to bring about or hinder' the homestead loan". In order to fortify this view, the court quotes from Pothier on Obligations, Vol. 1, Par. 47, Page 126, wherein that eminent commentator observes that any agreement which gives the obligor the entire liberty of performing the promise, if he chooses, is absolutely void.
A reconsideration of the Titus case has convinced us that the view expressed therein is not well founded because it assumes that the promisor was given the entire liberty of hindering the performance of the obligation and that no duty whatever was imposed upon him to make an attempt to get the necessary homestead loan on such terms and conditions as were customary. Our present opinion is that a promise to purchase real property provided the promisor can get a homestead loan of an undetermined amount at an undetermined rate of interest does not contain a purely potestative condition, but rather that the condition is of a mixed nature, dependent upon the will of the obligor and also upon the will of third parties, i.e., the homesteads. Furthermore, even if the condition be viewed as potestative, we now entertain much doubt that it is void in view of the provisions of Article 2035 of the Civil Code. It will be noted that the court, in the Titus case, cites only Articles 2024 and 2034 of the Code and thus assumes that any contract containing a potestative condition is void. Articles 2024 and 2034 are English translations of Articles 1170 and 1174 of the French Civil Code. However, in the Civil Codes of 1825 and 1870, two articles are added which are not found in the French Code. These articles are 2035 and 2036 and, as we have stated above, Article 2035 limits the nullity of potestative conditions to cases in which the performance of the condition depends solely on the exercise of the obligor's will. In view of this article, the suspending condition upon which the fulfillment of the obligation depends, cannot be rightfully regarded as being purely potestative and resting solely upon the purchaser's will, because he was at least obligated to make a reasonable effort to apply for the loan which he desired in such amount and upon such terms as he would be justified in accepting. We do not believe that the court in the Titus case was warranted in assuming that, merely because the obligor was in a position to hinder or defeat the performance of the obligation, by failing to apply for a homestead loan or by refusing such loan (if available) for captious reasons, no duty was imposed on him to make a reasonable effort to obtain a loan on the usual terms and conditions which were implied by the nature of the offer. It is true that the condition contained in the contract in the Titus case was quite indefinite *Page 697 
with respect to amount of the loan desired by the promisor and other details. But this fact does not change the nature of the condition. The promisor was charged with the obligation of applying for the loan he needed to complete the transaction. This was not a matter which was left to his whim or caprice.
The views which we now entertain, with respect to the validity of the condition contained in the promise of sale, seem to be in accord with the reasoning of the Supreme Court in Morrison v. Mioton, supra. In that case [163 La. 1065, 113 So. 457], the plaintiff offered to purchase the defendant's real estate for $9,000 cash "subject to homestead loan to be granted by Orleans Homestead Association." This offer was accepted by the defendant who later refused to execute a deed to the property. When subsequently sued by the plaintiff for a specific performance of the contract, the defendant asserted, among other things, that plaintiff's offer to purchase subject to a homestead loan to be granted by Orleans Homestead was a potestative condition and therefore void. In rejecting the contention, the court said:
"In so far as the second question which we are called upon to consider is concerned, our conclusion is that the court below correctly held that the contract does not contain a potestative condition.
"Whatever may be the nature of the obligation imposed by the contract upon plaintiff, it is clearly not potestative, since its execution does not depend solely upon his will. Civ. Code, art.2024. The agreement is the law between the parties, and must be performed in good faith. Civ. Code, art. 1901. Plaintiff'sinescapable duty, under the plain terms of the contract was toapply to the Orleans Homestead Association for a loan in order toobtain the money required for the purchase of the property.Favorable action by the association on such application wouldhave fixed absolutely upon plaintiff the obligation to take theproperty and pay the price. On the other hand, his failure orneglect to make the application would have been a breach of thecontract, entitling his obligee to the appropriate relief. * * *" (Italics ours.)
The foregoing reasoning appears to us to be a complete answer to the proposition now under consideration. Therefore, unless the Morrison case is distinguishable from the Titus case and the other adjudications of this court, the latter authorities must be overruled.
The Morrison case was decided on May 23, 1927, or about three months after the Titus case. Prior to the decision in the Morrison case, a writ of certiorari was granted by the Supreme Court in the Titus case. However, this writ was granted on the application of Titus, the plaintiff, who sought judgment in solido against the other parties defendant in that matter, since the decision of this court in his favor was limited to a recovery against one of the defendants, Mrs. Jackson, widow of Cunningham. Since Mrs. Jackson did not apply for a writ, the Supreme Court had no occasion to review the correctness of our decision as to her and, of course, did not pass on that question. See Titus v. Cunningham et al., 164 La. 431, 114 So. 86.
After the Titus case, the following matters were decided by this court in which that case was cited as controlling the proposition that conditions in contracts similar to the one before us are potestative: Parks v. Cilluffa, 7 La.App. 749; Jacobs v. Grasshoff, 10 La.App. 68, 120 So. 417; Decker v. Renaudin, 10 La.App. 725, 122 So. 600; L. Klein, Inc. v. Escarra, 10 La.App. 749, 122 So. 880; Monteleone v. Blache, 11 La.App. 99, 120 So. 900; Mathews Bros. v. Schoenberger, 11 La.App. 155, 123 So. 133; Luderbach v. Christina Lauricella, Inc., 12 La.App. 28, 125 So. 161; Gruntz v. Frank Jordano, Inc., 12 La.App. 172, 125 So. 167, and East Bank Land Co., Inc. v. Hoffstetter, 13 La.App. 564, 125 So. 160. An examination of these decisions will reveal that in most of them the doctrine of Titus v. Jackson is affirmed without comment as to its correctness and, in except one or two of them (to which we shall later refer), the Supreme Court's decision in Morrison v. Mioton is neither cited nor discussed.
In Parks v. Cilluffa, Jacobs v. Grasshoff, L. Klein, Inc. v. Escarra and Luderbach v. Christina Lauricella, Inc., supra, the court held that conditions contained in offers, whereby the purchasers agreed to pay cash subject to a homestead loan, were void as being potestative on the authority of Titus v. Jackson. The decision in Morrison v. Mioton is not referred to in any of these cases nor does it appear that any of the parties cast applied to the Supreme Court for writs of review. *Page 698 
In Decker v. Renaudin, supra, wherein a writ of certiorari was refused by the Supreme Court, the condition in the offer to purchase read "subject to Homestead loan — gotten thru Conservative Homestead or any obtained by E.P. Smith Co." It was there contended that the condition was not potestative in view of the doctrine announced by the Supreme Court in Morrison v. Mioton. The court, however, decided on the merits of the case that the point raised by the defendant was not well taken for the reason that the record exhibited that the plaintiff had applied to Conservative Homestead for a loan and that the latter refused to make it, and further, that no evidence was adduced to show that E.P. Smith Company, defendant's real estate agent, had arranged for any other loan on the property in order that plaintiff could consummate the transaction. In resolving that the plaintiff was entitled to the return of his deposit, the court stated that "Under C.C. art. 2021, these conditions appear to us to have been suspensive, as plaintiff's obligation to purchase did not come into existence until the happening of one of the events on which the offer was conditioned. As neither of the events has happened, plaintiff's obligation has not come into existence, and he is at liberty to withdraw and to require that his deposit be returned to him."
It is true that, after making the above-quoted statement, the court goes on to cite Titus v. Jackson with approval. But this additional reason given by it was wholly unnecessary to the decision. In view of the conclusion reached on the merits of the case, the Supreme Court's refusal of a writ of certiorari cannot be regarded as an approval of the statement that the contract contained a potestative condition.
In Monteleone v. Blache, supra, the court again approved the doctrine of Titus v. Jackson without discussion. The party cast did not apply to the Supreme Court for writs. However, we note that in that decision the offer made by the plaintiff contained an additional condition, with respect to the use of the premises as a grocery, and made this condition subject to the zoning ordinance of the City of New Orleans covering that section of the city. With respect to this proposition, the court held that this condition was not potestative, but was a suspensive condition which depended entirely for its fulfillment upon the discretion of a third party, the City of New Orleans. Hence, it is plain that the case was correctly decided on the second ground.
In Mathews Bros. v. Schoenberger, supra, the decision in the Titus case was sought to be distinguished on the ground that it was not controlling in a suit brought by a real estate agent for recovery of a commission. The court rejected this contention and, in doing so, specifically overruled the case of Deano v. Garcia, Orleans No. 9369 of the docket not reported [See Louisiana and Southern Digest]. However, no issue was raised as to the correctness of the holding in the Titus case. It does not appear that the Supreme Court was asked to review the matter.
In Gruntz v. Frank Jordano, Inc., supra, the court decided on the merits of the case that plaintiff was entitled to a return of the deposit he made with the real estate broker for the reason that he had done everything required of him under the contract. While it is true that the court cited the decision in the Titus case with approval, this was unnecessary to the conclusion reached on the facts. Writs were not applied for and it seems clear that, if the defendant had requested a review, the application would have been refused in view of the court's finding on the merits.
It was not until the latter part of 1930, when the court decided East Bank Land Co. v. Hoffstetter, supra, that its attention was directed to the possible conflict existing between the doctrine as laid down in the Titus case and the ruling of the Supreme Court in Morrison v. Mioton. In the East Bank Land Co. case [13 La.App. 564, 125 So. 161], the offer to buy the property was conditioned "subject to homestead loan of $6,500.00," and it was contended that, under the decision in Morrison v. Mioton, the condition was not potestative, notwithstanding the previous adjudications of this court to the contrary. The court, however, held otherwise, being of the opinion that the reason why the Supreme Court found that the condition in Morrison v. Mioton was not potestative was because a particular homestead, i.e., Orleans Homestead Association was mentioned and that, therefore, the fulfillment of the condition was not dependent solely on the will of the offerer. The fault which we now find with this attempted distinction is that the Supreme Court did not pitch its decision in the Morrison case on the *Page 699 
theory that a particular homestead, rather than a greater number, was mentioned in the offer but concluded that the condition was not potestative because it did not depend solely upon the will of the offerer, since he was bound to apply to the homestead for a loan or be held liable for breach of contract. We cannot see that the nature of the condition is affected in any measure, if the condition mentions that the loan is to be made through a designated homestead or through any number of homesteads, — for, in either case, it is the duty of the offerer to make a reasonable effort to secure the desired loan. The fulfillment of the condition is not in either case dependent solely on the offerer's will but on the will of the homestead or homesteads. Hence, we conclude that the reasons advanced by the court in the East Bank Land Co. case, in providing a distinction between the condition in that case and the one appearing in the Morrison case, does not appear to be based upon a solid foundation.
Writs were applied for and granted by the Supreme Court in the East Bank Land Co. case and, according to that court's opinion (see 170 La. 594, 128 So. 527), it agreed to review the case because it felt that there was a possible conflict between the rulings of this court in the Titus and other cases and the views expressed by it in Morrison v. Mioton. However, after examining the record in the case, the court declared: "* * * we have found the case so lacking in merit that we have concluded to pretermit any consideration of the question of potestative condition and to affirm the judgment on the merits."
Therefore, the decision of the Supreme Court in that matter cannot be said to be authority for the proposition that the court has placed its stamp of approval upon the doctrine announced in the Titus case. On the contrary, the fact that the court agreed to review the case makes it plain to us that it entertained considerable doubt as to the soundness of the Titus decision. And we conceive it our duty, since we are now firmly convinced that the previous views of this court are not correct and that they are in conflict with those expressed by the Supreme Court, to unhesitatingly overrule the Titus case and all of our subsequent decisions which are dependent upon the doctrine announced in that case for the conclusions reached.
Being of the opinion that the defendant's exception should be overruled because the condition relied on by him is not potestative, no consideration need be given to the other points made by counsel for plaintiff in their argument to this court.
For the reasons assigned, the judgment appealed from is reversed; the exception of no cause of action is overruled and the case is remanded to the First City Court of New Orleans for further proceedings in accordance with law and not inconsistent with the views herein expressed. The costs of this appeal are to be paid by defendant-appellee, other costs to await the final determination of the cause.
Reversed and remanded.