S.A. Harvey is a licensed real estate agent in New Orleans. Salvador Giardina is the owner of a small piece of real estate situated on Gallier Street in the square bounded by No. Johnson, No. Prieur and Desire Streets and is known as Lot G.
On September 10, 1943, Harvey and Giardina entered into a written contract prepared by Harvey, on one of his regular printed forms, under which Giardina employed him as agent to undertake to sell said lot.
The contract contained many stipulations but we shall refer only to those bearing upon the issue which is involved.
The price which Giardina agreed to accept was $900 and the commission which Harvey was to receive was fixed at 10%.
It was additionally agreed that if the property should be sold for more than $900, Giardina would pay to Harvey the excess over $900, subject to a minimum of 10% of the purchase price.
There was a stipulation as to the term of the contract. It reads as follows:
"* * * This authorization to be binding at all times unless revoked by one hundred and eighty days written notice by registered mail. * * *"
Until May 2, 1946, or about three years after the contract was entered into, so far as the record shows, no satisfactory offer was secured by Harvey. On that day, May 2, 1946, he submitted to Giardina a written offer of Herbert J. Gabriel, under which Gabriel agreed to buy the property for $1100 cash, if the offer should be accepted on or before May 8, 1946. This offer, however, contained a written condition reading as follows:
"I agree and bind myself to purchase the above lot providing I can purchase Lots E and F adjoining this lot, facing Gallier and No. Johnson Street."
When this offer was submitted by Harvey to Giardina on May 2, 1946, it was transmitted in a letter, in the postscript of which Harvey advised Giardina that
"The offer(s) on the two corner lots Gallier and N. Johnson has been accepted."
Giardina refused to accept the offer of Gabriel, and Gabriel did not purchase either the Giardina lot or Lots E and F referred to. Harvey then brought this suit against Giardina, praying for judgment for $200, the difference between the $900 which Giardina had stipulated in the contract as the price which he would accept, and $1100, the amount which Gabriel offered. Harvey also prayed for interest at 8% from May 8, 1946, and for 25% of the total amount as an attorney's fee and for costs.
Giardina denied all liability on several grounds. First. He averred that the contract under which he employed Harvey as his agent "was by subsequent oral agreement between plaintiff and defendant to terminate six months from September 10, 1946." He maintains that the contract had terminated long prior to May 2, 1946, the day on which Gabriel's offer was submitted to him.
Second. He averred that the offer of Gabriel was only a conditional one and that his contract with Harvey, even if it had not expired in accordance with the alleged verbal modification, contemplated an unconditional offer.
Third. He averred that the conditional offer of Gabriel "could not have been enforced by defendant had it been accepted and that defendant is therefore under no obligation to pay plaintiff a commission for not accepting the said offer."
In the First City Court for the City of New Orleans there was judgment for defendant and plaintiff, Harvey, has appealed.
We first direct our attention to the charge of defendant that the offer of Gabriel contained a condition because of which, had it been accepted, it could not have been judicially enforced.
We entertain no doubt at all that had Giardina not been advised simultaneously with the presentation to him of the Gabriel offer, that Gabriel's offer to buy the other two lots had been accepted, the offer to buy the Giardina lot would have contained an unenforceable potestative condition of *Page 232 
the most flagrant kind, and that in obtaining it, Harvey could not have been said to have accomplished anything at all. The reason is that the condition that Gabriel would buy the Giardina lot, if he could also buy Lots E and F from another owner, did not set forth any price which he would agree to offer for those other two lots. He would have been entirely free to refuse to buy those two lots regardless of the price at which they might have been offered to him. Therefore the condition in the offer of Gabriel to Giardina would have depended entirely on the will of Gabriel as to what he would be willing to pay for the other two lots. Civil Code, Article 2034, declares that:
"Potestative condition on part of promisor voidable. — Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself."
Article 2035 provides that Article 2034 is limited "to potestative conditions, which make the obligation depend solely on the exercise of the obligor's will; * * *." Surely, the condition here that Gabriel would buy Giardina's lot, if he could also buy Lots E and F from some other owner, depended entirely on the will of Gabriel as to what he might be willing to pay for those other two lots.
This condition is not at all the same as that which confronted us in Stephen L. Guice Co., Inc., v. Perkowski, La. App., 12 So.2d 692. There we discussed the very confusing earlier jurisprudence concerning offers to buy real estate subject to the obtaining of a homestead loan for a stipulated amount. We held that although the conditions of different homesteads differ slightly from one another, they are sufficiently similar that it is contemplated that a reasonable offer from a homestead will be accepted. We reached that conclusion for the reason that the terms of the offer were fixed somewhere within the reasonable limits of the contracts of the various homesteads operating in this territory. Here the situation is entirely different for the offerer had not provided that he would offer any stipulated amount for the two other lots.
But even though the condition would have been clearly potestative and would clearly have depended upon the will of the offerer, and thus would have nullified the contract had it been presented to Giardina without advice that the other two lots could be bought, the more difficult question which is now posed grows out of the fact that the condition, according to plaintiff, Harvey, has been eliminated; that though it might otherwise have been unenforceable, the contract has now developed into a binding one which Giardina was bound to accept.
The contention of Giardina is that the offer to him was not unconditional; that even though he was advised simultaneously that Gabriel's offer for Lots E and F had been accepted, still the offer to him was conditioned not upon the acceptance of the offer of Lots E and F but upon the consummation of that contract to buy those lots. He argues that there is a vast difference between the acceptance of an offer to buy and the actual purchase. He says that even though the offer to buy Lots E and F was accepted, many things might have prevented the completion of the sale — the title might have been defective, for instance.
We agree with defendant. We know of no reason why he should be bound to accept such a conditional offer. He did not stipulate that he would accept such an offer. Suppose that he had accepted it and that, before the prospective purchaser took title, defects had been discovered in the title to Lots E and F, the purchaser could have rejected those two lots; could have refused to buy them and then could have said to Giardina that he would not take title to Lot G since his offer had been conditional upon his "buying" Lots E and F — not merely upon his being able to have an offer for them accepted.
We attach some significance to the fact that after Harvey had obtained from the owner of Lots E and F an acceptance of Gabriel's offer to purchase these lots, he did not secure from Gabriel an unconditional offer to buy Lot G from Giardina. He did not do this but presented to Giardina an offer conditioned upon Gabriel's buying Lots E and F. It is quite evident from his *Page 233 
letter of May 2nd, in which he transmitted Gabriel's offer to Giardina, that he knew that Giardina was unwilling to accept that offer. We say this for several reasons — in the first place, he sent the offer by registered mail and, in the second place, and more significant, is the fact that in the letter in which he sent the offer, he said to Giardina that if the offer was not accepted he would be compelled to hand his claim over to his attorney for collection. If then he already knew that there would be a dispute over whether Giardina was obligated to accept the offer, surely he would, if he could, have obtained from Gabriel an unconditional offer in place of the conditional one which he did present. There still remained almost a week in which the unconditional offer could have been obtained from Gabriel. The failure of Harvey to obtain such unconditional offer, we think, evidences the fact that Gabriel was not willing to make such an offer or that, at least, Harvey feared that he would not be willing to do so. At any rate, no unconditional offer was submitted to Giardina. He was not bound to accept such conditional offer as was presented.
In view of this conclusion, we need not consider or discuss the other contention presented by defendant.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.