The judgment appealed from is therefore affirmed.

(128 So. 527)

**EASTBANK LAND CO., Inc., v. HOFF-STETTER.**

No. 30496.

May 5, 1930.

Charles I. Denechaud and Ernest J. Robin, both of New Orleans, for plaintiff.

R. A. Dowling and Wm. R. Kinsella, both of New Orleans, for respondent.

THOMPSON, J.

This is a suit to recover a commission on an alleged real estate deal.

The demand is based on an offer to purchase certain property from defendant for $8,000 of which $1,000 was to be paid by deeding the defendant ten lots in Gulfport, $6,500 subject to a homestead loan, and the balance in cash. The title was to be free from incumbrances and subject to examination and approval by purchaser's attorney, and

the act of sale was to be passed before the purchaser's notary within 45 days, at the expense of the purchaser.

It was stipulated that if the offer was accepted the purchaser would deposit a note for $800 immediately with the defendant as part of the purchase price.

The offer was accepted by the defendant and she agreed to pay 4 per cent. commission on the full amount of the sale, same being earned and payable when agreement to purchase is signed and the offer was accepted.

An exception of no cause of action was filed, based on the contention that the alleged agreement contained a potestative condition. The exception was overruled and the defendant answered admitting the offer and acceptance, and, among other things, alleged that no sale was ever consummated—that no deposit of $800 was ever made with defendant either in cash or by note, and for that reason no sale was ever agreed upon.

On a trial on the merits, the plaintiff's demand was rejected and its suit dismissed.

On appeal to the Court of Appeal it was held that the condition in the offer, "subject to Homestead loan of $6,500.00," was a potestative condition and deprived the contract of legal validity, citing Titus v. Cunningham, 7 La. App. 37; Parks v. Cilluffa, 7 La. App. 749; and Mathews v. Schoenberger, 11 La. App. 155, 123 So. 133; Decker v. Renaudin, 10 La. App. 725, 122 So. 600.

These cases were distinguished from Morrison v. Mioton, 163 La. 1065, 113 So. 456, decided by this court, in that no particular homestead was mentioned in the offer to purchase in the cited cases, whereas in the Morrison Case a particular homestead was designated.

The case was ordered up for review because of a possible conflict between the ruling of the Court of Appeal and the decision of this court in the Morrison Case.

After an examination of the record as sent up we have found the case so lacking in merit that we have concluded to pretermit any consideration of the question of potestative condition and to affirm the judgment on the merits.

The offer to purchase the property was signed by W. J. Aicklen, Jr., as secretary and treasurer of plaintiff company, "for client."

It expressly provided that the title was subject to examination and approval by the purchaser's attorney, and the act of sale was to be passed before a notary selected by the purchaser within 45 days from the date the offer was accepted. The plaintiff obligated itself to make the deposit with the defendant as a part of the purchase price immediately after the offer was accepted.

There is some conflict as to whether this deposit was to be made in cash or by note of the purchaser but the offer itself provided for a note of the purchaser. The evidence is conclusive that no deposit whatever was made to defendant either in cash or by note.

It is further shown that no attempt whatever was made by plaintiff, or by any one secured by plaintiff, to carry into effect the offer to purchase. No deed to the lots in Gulfport was ever presented to the defendant and no effort was made to secure the homestead loan as stated in the offer and no part of the cash portion of the purchase price was ever offered or tendered to the defendant within the 45 days or at any other time.

Indeed the position of the plaintiff seems to be that it was entitled to the commission when its offer was accepted by the defendant though no purchaser was ever secured. In the third paragraph of the petition it is alleged that the commission was earned and payable when the offer to purchase was signed by the plaintiff and accepted by the defendant.

No such obligation was incurred by the defendant or contemplated by the parties at the time the offer was made and accepted.

The commission could only be earned and became due when the offerer obtained a person ready, willing, and able to buy on the terms stated in the offer, and this, as we have seen, was never done.

It would be strange indeed to say that the defendant owed the plaintiff a commission for making the offer to purchase.

The agent of plaintiff, who negotiated with the defendant and secured the acceptance of the offer to purchase, testified that Mr. Aicklen, who was secretary and treasurer of the plaintiff company and who was interposed as the supposed purchaser, never made any attempt whatever to go through with the sale.

This agent said that Aicklen wanted to purchase and offered to carry out the offer to purchase, but she only knew this from what Aicklen said.

This agent further testified that the defendant wanted to get $600 cash and asked her to get Mr. Aicklen to give her that amount, but she told defendant the act of sale had not gone through. After which the defendant stated that she would not go through with the sale.

It is needless to pursue the discussion further. It suffices to say that the record establishes to our satisfaction that the suit has no merit in law or fact.

The decree of the Court of Appeals is affirmed at the cost of plaintiff in all courts.